UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTHEIA TAYLOR,<br><br>       Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>       Defendant. | NO. EDCV 12-00819-MAN<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff filed a Complaint on May 31, 2012, seeking review of the denial of plaintiff's application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On June 15, 2012, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. On March 7, 2013, a settlement conference was held before the undersigned United States Magistrate Judge, but no settlement was reached. On June 27, 2013, the parties filed a Joint Stipulation in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner

---

   [1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action.  (*See* Fed. R. Civ. P. 25(d).)

requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings. The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for a period of disability and DIB on February 19, 2009, and she filed an application for SSI on January 29, 2010. (Administrative Record ("A.R.") 13.) Plaintiff, who was born on January 23, 1963 (A.R. 18), claims to have been disabled since May 3, 2008, due to schizophrenia and bipolar disorder (A.R. 81, 90). Plaintiff has past relevant work experience as a parking lot attendant, sales clerk, hotel customer service clerk, and cashier checker. (A.R. 18.)

After the Commissioner denied plaintiff's claim initially and upon consideration, plaintiff requested a hearing. (A.R. 13.) On September 17, 2010, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Michael D. Radensky (the "ALJ"). (*Id.*) Vocational expert David A. Rinehart also testified. (*Id.*) On October 29, 2010, the ALJ denied plaintiff's claim (A.R. 13-20), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-3). That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

In his October 29, 2010 decision, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through September 30, 2012, and plaintiff has not engaged in substantial gainful activity since May 3, 2008, the alleged onset date of her disability. (A.R. 15.) The ALJ determined that plaintiff has the severe impairments of mood disorder, posttraumatic stress disorder, and borderline personality disorder. (*Id.*) The ALJ concluded,

however, that plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR [§§] 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (*Id.*)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple repetitive work and limited public interaction." (A.R. 16.) In making this finding, the ALJ considered: the subjective symptom testimony of plaintiff, which the ALJ found was not entirely credible; the medical opinions and evidence of record.; and the unfavorable May 2, 2008 decision on plaintiff's prior application for DIB and SSI. (A.R. 16-18.) With respect to the medical opinions of record, the ALJ gave little weight to the opinion of plaintiff's treating psychiatrist, Imelda Alfonso, M.D., because the evidence of record did not support her opinions, and she failed to mention plaintiff's noncompliance with her medication treatment. (A.R. 18.) Instead, the ALJ agreed with, and gave "great weight" to, the opinion of the State agency medical consultant that "the evidence of record does not provide a basis for deviating from the May 2, 2008 decision that [plaintiff] is not disabled." (A.R. 18.) The ALJ noted that, in accordance with Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988), the prior, unfavorable decision "gives rise to a presumption that the claimant continues to be not disabled after the period adjudicated, and that this presumption of continuing nondisability applies when adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim." (A.R. 17.) The ALJ further noted that a claimant must show "changed circumstances" to rebut the presumption. (*Id.*) After detailing the May 2, 2008 decision, and the evidence of record, the ALJ found that plaintiff "ha[d] not met her burden of proving changed circumstances indicating greater disability." (A.R. 18.)

///
///
///
///

Based on plaintiff's age, education,[2] work experience, and RFC, as well as the testimony of the vocational expert, the ALJ determined that, although plaintiff was unable to perform any past relevant work, there were other jobs that plaintiff could perform in the national economy, including those of hand packager, floor waxer, and laundry worker. (A.R. 19.) Accordingly, the ALJ concluded that plaintiff "has not been under a disability, as defined in the Social Security Act, from May 3, 2008, through [October 29, 2010,] the date of []his decision." (A.R. 20.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

---

[2] The ALJ determined that plaintiff "has at least a high school education and is able to communicate in English." (A.R. 19.)

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

## DISCUSSION

Plaintiff asserts three sources of error. (Joint Stipulation ("Joint Stip.") at 4.) First, plaintiff claims that the ALJ erred in his application of Chavez in giving res judicata effect to the prior, unfavorable May 2, 2008 decision. Second, plaintiff claims that the ALJ failed to properly consider the relevant medical evidence of record in this case. Third, plaintiff claims the ALJ failed to properly assess her subjective symptom testimony.

**I.      The ALJ's Determination That Plaintiff Has Failed To Rebut The Presumption Of Continuing Nondisability Is Not Supported By Substantial Evidence.**

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." Chavez, 844 F.2d at 693. "Normally, an ALJ's findings that a claimant is not disabled 'creates a presumption that the claimant continued to be able to work after that date.'" Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009) (quoting Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995)). The presumption, however, does not apply "where the claimant [wa]s unrepresented by counsel at the time of the

prior claim." Lester, 81 F.3d at 828.  The presumption also does not apply if there are "changed circumstances."  Id. at 827 (citation and internal quotations omitted).  Examples of changed circumstances precluding the application of res judicata to a subsequent unadjudicated period of alleged disability include "[a]n increase in the severity of the claimant's impairment," "a change in the claimant's age category, as defined in the Medical-Vocational Guidelines," and "where the claimant raises a new issue, such as the existence of an impairment not considered in the previous application."  Lester, 81 F.3d at 827 (citations omitted).

In his decision, the ALJ discussed the prior, unfavorable May 2, 2008 decision.  The ALJ noted that the:

> The May 2, 2008 decision details [plaintiff]'s lack of credibility.  She has a history of malingering and going to different therapists to get desired diagnoses.  [Plaintiff] missed appointments for psychological testing on several occasions.  She asserted having schizophrenia when there was no medically documented basis for it.  Even her counselor did not find [plaintiff]'s report of hallucinations and other stories to be credible.  [Plaintiff] also expresses no desire to work.  She represented that she quit a seasonal telemarketing position because she was afraid of a worker, but it was evident from her statements that the actual reason for quitting was she simply wanted money for the holidays.  [Plaintiff] testified she had worked long enough in her life and went into a tirade about being owed Social Security benefits.

(A.R. 18; internal citations omitted.)  The ALJ also noted that the prior, unfavorable decision gave rise to a presumption that plaintiff continued to be not disabled.  (A.R. 17.)  The ALJ determined that plaintiff had not rebutted the presumption of continuing nondisability, because she had not met her burden of showing changed circumstances.  (A.R. 18.)  Specifically, the ALJ noted that "[plaintiff's] current treatment records and testimony show no worsening of her condition and confirm prior findings of her lack of credibility."  (Id.)

As an initial matter, it appears that the ALJ may have erred in giving res judicata effect to the prior, unfavorable May 2, 2008 decision. As noted *supra*, res judicata should not be applied where claimant was unrepresented by counsel at the time of the prior claim. Lester, 81 F.3d at 828. In this case, plaintiff was not represented by counsel at the time of her prior claim and, instead, was represented by a non-attorney representative. (A.R. 70.) Thus, it may well be that the ALJ should have evaluated the evidence *de novo* instead of applying a presumption of non-disability that plaintiff had to overcome.

Further, the Court cannot determine whether the ALJ's finding that plaintiff failed to rebut the presumption of continuing nondisability is supported by substantial evidence. First, plaintiff alleges, and the medical records appear to confirm, that she has been hospitalized on two separate occasions pursuant to a 5150[3] admission since the prior, unfavorable decision. (Joint Stip. at 5.) Specifically, the record contains a January 13, 2010 Patient Aftercare Plan, which was completed on the same date plaintiff was discharged from the hospital. (A.R. 324.) In that form, it was noted that plaintiff has a schizoaffective disorder and was a danger to herself and to others. (*Id.*) Plaintiff's expected course of recovery was described as "fair." (*Id.*) The record also contains an identical Patient Aftercare Plan form dated October 13, 2011. (A.R. 354.) In that form, it was noted that plaintiff was a danger to herself, and plaintiff's expected course of recovery was described as "good." (*Id.*) While the latter form was not before the ALJ at the time of his decision, the ALJ made no mention of the prior form and/or plaintiff's January 2010 hospitalization for her mental illness. Such a psychiatric hospitalization, particularly if it were

---

[3] California Welfare and Institutions Code § 5150 provides:

When any person, as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled, a peace officer, member of the attending staff, as defined by regulation, of an evaluation facility designated by the county, designated members of a mobile crisis team provided by section 5651.7, or other professional person designated by the county may, upon probable cause, take, or cause to be taken, the person into custody and place him or her in a facility designated by the county and approved by the State Department of Social Services as a facility for 72-hour treatment and evaluation.

pursuant to a 5150 admission, as plaintiff alleges, would appear to indicate a worsening of plaintiff's condition.

Second, contrary to the ALJ's assertion, the treatment records from plaintiff's treating psychiatrist, Dr. Alfonso, whose opinion, as noted below, the ALJ failed to consider properly, indicate a worsening in plaintiff's condition. For example, Dr. Alfonso noted in a September 12, 2008 Mental Disorder Questionnaire form that plaintiff has a "paranoid type" schizophrenia with, *inter alia*, *increased* anxiety, *increased* depression, *increased* paranoia, and *increased* auditory hallucinations. (A.R. 233-34.) Similarly, in a September 17, 2008 Short-Form Evaluation for Mental Disorders, Dr. Alfonso noted that plaintiff has, *inter alia,* a "paranoid type" schizophrenia with *increased* anxiety and *increased* paranoia. (A.R. 237-40.) In an April 17, 2009 Short-Form Evaluation for Mental Disorders form, Dr. Alfonso again noted plaintiff's diagnosis of "schizophrenia, paranoid type" as well as the fact that plaintiff is experiencing "*increasing* multiple 'voices' [and] *increasing* paranoid delusions." (A.R. 262-63; emphasis added.) In that same form, Dr. Alfonso noted that plaintiff "was recently hospitalized . . . in March, 2009[,] after she 'flipped' out [and] became agitated towards her sister. [Plaintiff] decompensated [and] her medications were changed." (A.R. 264.) Dr. Alfonso noted that "[plaintiff] is out of the hospital but [her] prognosis is guarded." (*Id.*) Lastly, in a June 12, 2009 form entitled "Medical Opinion Re: Ability To Do Work-Related Activities (Mental)," Dr. Alfonso indicated, among other things, that plaintiff has *increased* anxiety and *increased* paranoia, and "her concentration is severely impaired due to *increasing* auditory hallucinations." (A.R. 316; emphasis added.) While the Court does not have Dr. Alfonso's initial evaluation before it for comparison or the records that were before the prior ALJ at the time of the May 2, 2008 decision,[4] it is clear from Dr. Alfonso's current treatment

---

[4] In his May 2, 2008 decision, the prior ALJ did not discuss Dr. Alfonso's initial findings and/or observations in any great detail. Instead, the ALJ only noted that plaintiff came to see Dr. Alfonso on December 4, 2007, for a medication refill and evaluation and that "[t]he diagnostic impression was schizophrenia." (A.R. 76.) Ultimately, the prior ALJ afforded "little weight" to the "observation" by Dr. Alfonso, because "[it] [wa]s inconsistent with the record as a whole." (*Id.*)

8

notes, particularly her multiple notations that plaintiff's symptoms are "increasing" and her condition is worsening as compared to earlier evaluations.

Third, as further evidence of changed circumstances, plaintiff notes that, in a subsequent application for DIB and SSI, she was found to be disabled on October 30, 2010 -- *to wit*, the day after the unfavorable decision at issue here. (Joint Stip. at 7.) The fact that plaintiff was awarded benefits in a subsequent claim so close in time to the prior denial warrants reconsideration so that the ALJ may further evaluate whether records that formed the basis for a finding of disability in the most recent claim may relate to this claim. *See* Luna v. Astrue, 623 F.3d 1032 (9th Cir. 2010) (noting that "in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim").

Accordingly, for the aforementioned reasons, the Court cannot find the ALJ's determination that plaintiff has failed to rebut the presumption of continuing nondisability to be supported by substantial evidence.[5]

---

[5] Plaintiff also takes issue with the fact that the previous records, which were referenced by the prior ALJ in his March 2, 2008 decision, are not available for plaintiff and this Court to review. (Joint Stip. at 5-7.) Plaintiff states that "it is impossible to ascertain the legitimacy of the conclusions of the prior ALJ, and while res judicata may in fact apply to the prior period of alleged disability, Chavez should not require that mistakes made on the prior decision be repeated on the present case, without any evidentiary basis whatsoever." (Joint Stip. at 7.)

For example, plaintiff notes that:

The present ALJ discusses references from the prior ALJ['s] decision as support for evidence on non-compliance. It is unclear to both Plaintiff and Plaintiff's counsel what specific evidence of medical non-compliance the current ALJ or the prior ALJ are referring to. The prior ALJ states in his denial of May 2, 2008, that Plaintiff "missed psychological testing 3 to 4 times" . . . . No citations were provided by the ALJ documenting these "3 to 4 times[.]" Obviously, if there were specific instances of such non-compliance, the ALJ would have or should have been able to know if Plaintiff actually missed testing on 3 occasions or rather, if Plaintiff missed testing on 4 occasions. Based on the prior ALJ's statement, and complete lack of any

**II. The ALJ Failed To Give Specific And Legitimate Reasons For Rejecting The Opinions Of Plaintiff's Treating Psychiatrist.**

An ALJ is obligated to take into account all medical opinions of record. 20 C.F.R. §§ 404.1507(d), 416.907(d). It is the responsibility of the ALJ to resolve conflicts in medical testimony and analyze evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also 20 C.F.R. §§ 404.1527(d), 416.927(d).

The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to know and observe the claimant. Magallanes, 881 F.2d at 751. When a treating or examining physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. When contradicted by another doctor, a treating or examining physician's opinion may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. Id.; see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008); Orn, 495 F.3d at 632.

---

evidentiary support whatsoever, Plaintiff maintains that it was error for the current ALJ in the present case to rely on this vague and ambiguous statement from the prior ALJ without any evidentiary foundation whatsoever.

(Joint Stip. at 5.) While plaintiff is correct that the records upon which the prior ALJ relied are unavailable for review, plaintiff is incorrect that the prior ALJ failed to provide a citation to support his statement that plaintiff missed psychological testing 3 to 4 times. In fact, in his May 2, 2008 decision, the prior ALJ specifically referenced "Exhibit 10F/3" when he noted that plaintiff missed her psychological testing appointment three to four times. (A.R. 75.) The prior ALJ's statement, particular in view of his citation to the record, is not, as plaintiff contends, so vague and ambiguous that the present ALJ erred in relying upon that statement.

In his decision, the ALJ rejected the opinion of plaintiff's treating psychiatrist, Dr. Alfonso, in favor of the opinion of the State agency medical consultant, because: (1) Dr. Alfonso never mentioned plaintiff's noncompliance with her medication treatments; and (2) "[t]he evidence of record does not support Dr. Alfonso's . . . assertion of disability." (A.R. 18.)

The ALJ's first reason for rejecting Dr. Alfonso's opinion is potentially flawed. In her treatment notes, Dr. Alfonso indicated on multiple occasions that plaintiff's compliance with her medication treatment has been "fair." (*See, e.g.,* A.R. 286, 293, 296, 335.) Clearly, Dr. Alfonso's description of plaintiff's medication compliance as "fair" is an acknowledgment that plaintiff has not been completely compliant with her medication treatment. However, and for the reasons discussed *infra* at pages 13-14, plaintiff's "fair" compliance with her medication treatment does not constitute a legitimate reason for the wholesale rejection of Dr. Alfonso's opinion.

The ALJ's second reason for rejecting Dr. Alfonso's opinion -- *to wit*, that the evidence of record does not support her assertion of disability -- is impermissibly conclusory and provides no specific reference as to how Dr. Alfonso's opinion is lacking in support from the evidence of record. *See* Regennitter v. Comm'r of SSA, 166 F.3d 1294, 1299 (9th Cir. 1999) (noting that "conclusory reasons will not justify an ALJ's rejection of a medical opinion"); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . . . The ALJ must do more than offer his conclusions. He must set forth his own interpretation and explain why they, rather than the doctors', are correct."). As such, the ALJ's reasoning does not constitute a specific and legitimate reason for rejecting Dr. Alfonso's opinion.

Accordingly, for the aforementioned reasons, the ALJ failed to properly reject the opinion

of Dr. Alfonso.[6]

### III. On Remand, The ALJ Should Also Revisit His Assessment Of Plaintiff's Credibility.

Once a disability claimant produces objective medical evidence of an underlying impairment that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective testimony as to the severity of the claimant's symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883. The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See* Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

After considering plaintiff's testimony, the ALJ cited no current evidence of malingering by plaintiff and concluded that "[plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 17.) Nonetheless, the ALJ determined that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the [RFC] assessment." (*Id.*)

---

[6] Although the Commissioner now offers other reasons to explain the ALJ's rejection of Dr. Alfonso's opinion, the Court cannot entertain these post hoc rationalizations. *See, e.g.,* Orn, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and my not affirm on a ground upon which he did not reply.").

Accordingly, the ALJ's reasons for finding that plaintiff is not credible with respect to her subjective symptom testimony must be "clear and convincing."

In his decision, the ALJ primarily rejected plaintiff's credibility because of "her unwillingness to participate in meaningful mental health treatment." (A.R. 18.) Specifically, the ALJ noted that "[s]everal treatment notes indicate [plaintiff's] noncompliance with medication treatment." (*Id.*) In support of his assertion, the ALJ cited an October 31, 2008 Clinic Visit Sheet from a San Bernardino County Tuberculosis Control Program in which plaintiff's noncompliance with her tuberculosis medication was noted. (*Id.*; citing A.R. 256.) The ALJ also cited an April 28, 2010 treatment note wherein it was noted that plaintiff was not compliant with her medication plan. (*Id.*; citing A.R. 328.)

It is well established that a failure to follow a prescribed treatment plan may constitute a valid basis for denying benefits. 20 C.F.R. §§ 404.1530(b), 416.930(b). However, it is not a proper basis when, as in this case, a claimant provides a good reason for her failure to comply with the treatment plan. *See* Orn, 495 F.3d at 638 (failure to follow prescribed treatment, when there is a good reason not to do so, may not be used as a basis to deny disability benefits); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (noting that an ALJ may not reject symptom testimony when a claimant provides "evidence of a good reason for not [seeking treatment]"). With respect to the ALJ's first example of noncompliance, plaintiff alleges that her noncompliance with her tuberculosis treatment plan resulted from "some type of confusion with the other instructions she received [from her physician] at L.A. County - USC Medical Center." (Joint Stip. at 18.) Indeed, the October 31, 2008 Clinic Visit Sheet appears to support plaintiff's allegation, noting that plaintiff "insisted" that she was already taking tuberculosis medication prescribed to her by her physician at L.A. County - USC Medical Center. (A.R. 256.) With respect to the ALJ's second example of noncompliance, the treatment note upon which the ALJ relied clearly indicates that plaintiff is indigent and has problems with housing and access to health care. (A.R. 327) The Ninth Circuit has "proscribed the rejection of a claimant's complaints for lack of treatment


when the record establishes that the claimant could not afford it." Regennitter, 166 F.3d at 1287. Accordingly, because plaintiff provided good reasons for her failure to comply with her treatment plan, the ALJ's reasoning does not constitute a clear and convincing reason for discrediting plaintiff's subjective symptom testimony.

Moreover, even assuming a*rguendo* that plaintiff failed to provide good reasons for her noncompliance, plaintiff's inability to follow her treatment may have been symptomatic of her mental impairments and, therefore, does not provide an appropriate basis for discrediting her subjective symptom testimony. *See, e.g.*, Butts v. Astrue, 2011 U.S. Dist. LEXIS 61422, 2011 WL 2261279, *3 (C.D. Cal. June 8, 2011) (finding that claimant's noncompliance with her treatment plan could have been symptomatic of the severity of her mental impairment and, thus, was not a clear and convincing reason for discrediting her subjective symptom testimony); Buckard v. Astrue, 2010 U.S. Dist. LEXIS 141070, 2010 WL 5789044, *16 (D. Or. Dec. 7, 2010) (finding that claimant's noncompliance with her depression medications did not constitute a legitimate basis for discrediting her testimony); Clark v. Astrue, 2010 U.S. Dist. LEXIS 10210, 2010 WL 457357, *5 (E.D. Wash. Feb. 5, 2010) ("[I]t was not appropriate for the ALJ to consider plaintiff's limited mental health treatment as evidence of a lack of credibility since the failure to follow through with mental health treatment may itself be a symptom of significant mental health problems."); *see also* Nguyen v. Chater, 100 F.3d 1462 (9th Cir. 1996) ("[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.") (internal quotation marks and citation omitted); Pate-Fires v. Astrue, 564 F.3d 935, 945 (8th Cir. 2009) (collecting cases finding that: "a mentally ill person's noncompliance with psychiatric medications can be, and usually is, the result of the mental impairment itself and, therefore, neither willful nor without a justifiable excuse") (internal citations and quotations omitted); Kangail v. Barnhart, 454 F.3d 627, 630 (7th Cir. 2006) (noting that "mental illness in general . . . may prevent the sufferer from taking [her] prescribed medicines or otherwise submitting to treatment").

Accordingly, for the aforementioned reasons, the Court finds that the ALJ's negative credibility determination premised upon plaintiff's noncompliance lacks the requisite support of substantial evidence in the record. Therefore, on remand, the ALJ must either credit plaintiff's subjective symptom testimony or provide clear and convincing reasons why plaintiff's testimony in this respect is not credible.

### IV. Remand Is Required.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. On remand, the ALJ must correct the above-mentioned deficiencies and errors.

///
///
///
///
///
///
///

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: March 24, 2014

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE